UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| KEVIN W. ANDERSON, | ) |
| Plaintiff, | ) ) ) **3 07 1239** |
| v. | ) ) No. 3:07mc00180 |
| | ) Judge Campbell |
| JUDGE BURTON GLOVER, | ) |
| Defendant. | ) ) |

### MEMORANDUM and ORDER

The Court has before it a *pro se* prisoner complaint brought under 42 U.S.C. § 1983. The plaintiff also has submitted an application to proceed *in forma pauperis*.

The plaintiff is a prisoner in the Robertson County Detention Center in Springfield, Tennessee. It appears from his application that he lacks sufficient financial resources to pay the filing fee. Therefore, pursuant to 28 U.S.C. § 1915(b)(4), the Clerk will file the complaint *in forma pauperis*. 28 U.S.C. § 1915(a).

The plaintiff is herewith assessed the civil filing fee of three hundred fifty dollars ($350.00). Pursuant to 28 U.S.C. §§ 1915(b)(1)(A) and (B), the custodian of the plaintiff's inmate trust fund account at the institution where he now resides is directed to submit to the Clerk of Court, as an initial payment, whichever is the greater of:

(a) twenty percent (20%) of the average monthly deposits to the plaintiff's inmate trust fund account; **or**

(b) twenty percent (20%) of the average monthly balance in the plaintiff's inmate trust fund account for the prior six (6) months.

Thereafter, the custodian shall submit twenty percent (20%) of the plaintiff's preceding monthly

income, or income credited to the plaintiff's inmate trust fund account for the preceding month, but only when his monthly income exceeds ten dollars ($10.00). Payments shall continue until the $350.00 filing fee has been paid in full to the Clerk of Court as prescribed by 28 U.S.C. § 1914(a). 28 U.S.C. § 1915(b)(2).

The plaintiff brings this action against Judge Burton Glover, General Sessions and Juvenile Court Judge in Springfield, Tennessee. (Docket Entry No. 1, ¶ IV, p. 5) The plaintiff asserts that Judge Glover sentenced him to probation for failure to appear on a charge of driving on a revoked license. The plaintiff asserts further that a warrant later issued against him for violating the terms of his probation when he moved to another county. The plaintiff alleges that Judge Glover sentenced him to eleven months and twenty-nine days for violating the terms of his probation when, according to the plaintiff, the usual sentence is thirty to sixty days. The plaintiff avers that he brings this action because his sentence is excessive and because the failure-to-appear charge should have been dropped.

To state a claim under § 1983, the plaintiff must allege and show: 1) that he was deprived of a right secured by the Constitution or laws of the United States; and 2) that the deprivation was caused by a person acting under color of state law. *Parratt v. Taylor*, 451 U.S. 527, 535 (1981)(overruled in part by *Daniels v. Williams*, 474 U.S. 327, 330 (1986)); *Flagg Bros v. Brooks*, 436 U.S. 149, 155-56 (1978); *Black v. Barberton Citizens Hosp.*, 134 F.3d 1265, 1267 (6th Cir. 1998). Both parts of this two-part test must be satisfied to support a claim under § 1983. *See Christy v. Randlett*, 932 F.2d 502, 504 (6th Cir. 1991).

Under the Prison Litigation Reform Act (PLRA), the Court is required to dismiss a prisoner-plaintiff's complaint if it is determined to be frivolous, malicious, or if it fails to state a claim on

which relief may be granted. 28 U.S.C § 1915A(b). A complaint is frivolous and warrants dismissal when the claims "lack[] an arguable basis in law or fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Claims lack an arguable basis in law or fact if they contain factual allegations that are fantastic or delusional, or if they are based on legal theories that are indisputably meritless. *Id.* at 327-28; *Brown v. Bargery*, 207 F.3d 863, 866 (6th Cir. 2000); *see also Lawler v. Marshall*, 898 F.2d 1196, 1198-99 (6th Cir. 1990). Although *pro se* complaints are to be construed liberally by the courts, *see Boag v. MacDougall*, 454 U.S. 364, 365 (1982), under the PLRA, "courts have no discretion in permitting a plaintiff to amend a complaint to avoid a *sua sponte* dismissal," *McGore v. Wrigglesworth*, 114 F.3d 601, 612 (6th Cir. 1997).

"Few doctrines [are] more solidly established ... than the immunity of judges from the liability for damages for acts committed within their judicial jurisdiction." *See Ray v. Pierson*, 386 U.S. 547, 553-45 (1967)(citing *Bradley v. Fisher*, 13 wall. 335, 20 L.Ed. 646 (1872)). "[J]udicial immunity is an immunity from suit, not just from ultimate assessment of damages." *Mireles v. Waco*, 502 U.S. 9, 11 (1991)(*per curiam*).

The Supreme Court has held that judicial immunity may be overcome in only two instances. In the first instance, a judge is not immune from liability for nonjudicial actions, *i.e.*, actions taken outside the judge's judicial capacity. *Mireles*, 502 U.S. at 11 (citing *Forrester*, 484 U.S. At 227-229 and *Stump v. Sparkman*, 435 U.S. 349, 360 (1978)). To determine whether an act is within a judge's judicial capacity, the Supreme Court has established a two-part test.

The first part of the two-part test is to determine whether the function is one "normally performed by a judge." *Stump*, 435 U.S. at 362. This so-called functional approach requires the Court to "look to the particular act's relation to a general function normally performed by a judge."

3

*Mireles*, 502 U.S. at 13 (citation omitted). The second half of the Supreme Court's two-part function test is to "assess whether the parties dealt with the judge in his or her judicial capacity." *Stump*, 435 U.S. at 362.

The second instance in which a judge is not immune involves those actions, although judicial in nature, that are taken in the absence of all jurisdiction. *Mireles*, 502 U.S. at 11 (citing *Stump*, 435 U.S. at 356-357 and *Bradley*, 13 Wall. at 351). In other words, even if a judge's actions are judicial in nature, the judge may not be entitled to immunity if he acted without jurisdiction.

The plaintiff does not allege that Judge Glover acted outside of his judicial capacity, nor can such an inference be liberally construed from the complaint. On the contrary, it is apparent from the statement of facts that Judge Glover acted in his judicial capacity. The plaintiff also does not allege that Judge Glover acted outside his jurisdiction, nor, once again, can such an inference be liberally construed from the complaint. Rather, it is apparent from the statement of the facts that Judge Glover acted within his jurisdiction. Accordingly, Judge Glover is entitled to absolute judicial immunity.

As reasoned herein, the plaintiff's complaint is **DISMISSED** for failure to state a claim on which relief may be granted. 28 U.S.C. §§ 1915(e)(2)(B)(ii); 1915A(b)(1). Because an appeal from the judgment rendered herein would **NOT** be taken in good faith, the plaintiff is **NOT** certified to pursue an appeal from this judgment *in forma pauperis*. 28 U.S.C. § 1915(a)(3); *Coppedge v. United States*, 369 U.S. 438, 444-46 (1962). Nevertheless, should the plaintiff decide to file a notice of appeal, he either must pay the Clerk of Court the full appellate filing fee of four hundred fifty-five dollars ($455.00), or submit a new application to proceed *in forma pauperis* with a certified copy of his inmate trust account statement for the six (6) month period preceding the filing of his notice

4

of appeal. 28 U.S.C. §§ 1915(a)(1) and (a)(2); *McGore*, 114 F.3d at 605.

The Clerk is directed to send a copy of this Order to the Sheriff of Robertson County to ensure that the custodian of the plaintiff's inmate trust fund account complies with the portion of the Prison Litigation Reform Act that pertains to the payment of filing fees.

Entry of this Order shall constitute the final judgment in this action.

It is so **ORDERED.**

Todd Campbell
United States District Judge